IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FRANCIS UKUS NGIRAMETUKER,

Defendant.

CRIMINAL CASE NO. CM1116-10

DECISION AND ORDER

## INTORDUCTION

This matter came before the HONORABLE VERNON P. PEREZ on July 30, 2013 at a Motion to Suppress Hearing. Assistant Attorney General James L.G. Stake appeared for the Government ("Government"). Attorney Brian E. Kegerreis represented Defendant, Francis Ukus Ngirametuker ("Defendant"). Having heard the parties' arguments and considering the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 27, 2009, Defendant was stopped at a DUI checkpoint conducted by the Guam Police Department ("GPD"). He submitted to a field sobriety test and was subsequently arrested for driving under the influence of alcohol. Defendant, through counsel, then brought a Motion to Suppress the evidence obtained from the DUI checkpoint.

## DISCUSSION

At issue is whether the DUI checkpoint in this case was lawful. Defendant cites to *Delaware v. Prouse*, 440 U.S. 648 (1979) and *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444 (1990) for support. In *Prouse*, the U.S. Supreme Court held that "persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers." *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). In *Sitz*, the U.S. Supreme Court held that the use of highway sobriety checkpoints did not violate the Fourth and Fourteenth amendments to the U.S. Constitution. *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444 (1990). The facts of the present case are more closely akin to those in *Sitz*.

Defendant's primary argument is that the DUI checkpoint in this case did not conform to the guidelines and procedures set forth in GPD's Standard Operating Procedure, which was enacted shortly after the *Sitz* Decision.[1] First, Defendant argues that the public was not given adequate notice of the checkpoint as the GPD printout in the Pacific Daily News did not provide an exact date and location. The Government argues that the public notice issued by GPD was adequate under relevant case law. The Court agrees with the Government. In *People v. Squire,* the California Court of Appeal recognized that "[l]aw enforcement will be expected to exercise good judgment in giving advance publicity to the public, keeping in mind that publicity serves the purposes of deterring driving after alcohol consumption, legitimizing checkpoints in the minds of the public, and lessening intrusiveness by reducing surprise, fear, and inconvenience." *People v. Squire*, 15 Cal. App. 4th 775, 782 (1993). The court, however, declined to devise a specific detailed scheme regarding advance publicity. *Id.* The court noted that because devising such a scheme would result in a rule too "inflexible, complex and unworkable for law enforcement to implement . . . [t]he reasonableness and adequacy of advance publicity will simply depend on the facts of each situation on a case-by-case basis." *Id.* In *Squire*, the notice was issued the same day that the checkpoint was scheduled. The printout provided a timeframe but did not provide a specific location. In this case, GPD issued a statement in the Pacific Daily News on Friday, December 25, 2009, which read "[p]olice will conduct DUI checkpoints throughout the weekend." The Court concludes that this is sufficient advanced notice. Although no specific time or location was provided, the public could have reasonably expected the likelihood of encountering a checkpoint while driving throughout the ensuing weekend, thus lessening the elements of surprise, fear, and inconvenience.

Furthermore, Defendant argues that suppression is warranted because GPD failed to produce an After Action Report required under the TIS guidelines. Under the guidelines, an After Action Report is to be submitted by the Officer in Charge upon completion of the checkpoint's operation. The report is to include: 1) time, date, and location of the operation;

---

[1] The Standard Operating procedure can be found in GPD's Traffic Investigating Section (TIS) 91-45. See. Def's. Ex. A. Defendant acknowledges that the guidelines set forth in the TIS 91-45 appear to follow the decision in *Sitz*. *See*. Def's. Mot. pg. 2.

duration of length of time it took to complete the operation; 3) weather conditions; 4) number of vehicles passing through the checkpoint; 5) pre-determined order of selected motorists; 6) average delay to motorists; 7) number and type of arrest conducted; and 8) unusual incidents. *See*. Def's. Ex. A. Defendant argues that without an After Action Report being prepared and written down, he is unable to tell if the stop in question was without discretion or if GPD followed their own standard procedures. Further, Defendant argues that without the report, he is unable to determine whether the checkpoint was conducted under the seventy-five minute time limit; whether there was a pre-determined order of selected motorists; or what the average delay to the motorists was.

The Government produced sworn testimony of a veteran GPD officer who testified to the validity of the December 27, 2009 DUI checkpoint. Witness Testimony on July 30, 2013 at 2:17p.m. The Officer testified that, with regard to the checkpoint in question: it was clearly visible to motorists; every third car was stopped; and the delay to motorists was less than one minute. Furthermore, the Officer testified that all checkpoints are concluded within the prescribed seventy-five minute time limit, and that an After Action Report is normally compiled after each checkpoint. In light of the evidence presented, the Court is not convinced that the DUI checkpoint in question violated any of Defendant's rights. On that basis, the Court concludes that the checkpoint was lawful, and that there is no rationale sufficient enough to warrant suppression.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress.

So **ORDERED** this 23 day of September, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

SEP 2 3 2013

Linda M. Perez

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*People v. Ngirametuker*
Decision and Order
Criminal Case No. CM1116-10                    - Page 3 of 3 -